ELECTRONICALLY FILED
Faulkner County Circuit Court
Nancy Eastham, Circuit Clerk
2025-Nov-25 15:29:57
23CV-25-2608
C20D01 : 8 Pages

**IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS**
**CIVIL DIVISION**

| | | |
|---|---|---|
| MATTHEW MARZO, individually and on behalf of all others similarly situated, *Plaintiff*, | ) | Case No. |
| v. | ) | **CLASS ACTION COMPLAINT** |
| ACXIOM LLC, a Delaware Corporation, *Defendant*. | ) | JURY TRIAL DEMANDED |

Plaintiff Matthew Marzo ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Acxiom LLC ("Defendant" or "Acxiom"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on his personal knowledge.

## NATURE OF THE ACTION

1. This action concerns the illegal listing of Colorado residents' cellular telephone numbers in directories for commercial purposes by Defendant without appropriate consent in violation of the Colorado Prevention of Telemarketing Fraud Act (CPTFA), § 6-1-304(4)(a)(I).

2. The Attorneys General of 16 states (including 3 from the Eighth Circuit) and the District of Columbia recently signed an amicus brief affirming their belief that this statute is a Constitutional exercise of a state's power to protect its residents' privacy rights.

3. Defendant is a data broker that collects and processes consumer data on hundreds of millions of people for the purpose of selling that data to other companies to help them market their products and services online and in the physical world.

EXHIBIT
1

4. According to pages on Defendant's own website (www.acxiom.com, the "Website"), "Acxiom InfoBase delivers accurate and powerful third-party descriptive data to nearly all addressable U.S. consumers."[1]

5. Defendant's Website also states: "Infobase Mobile & Phone: Compiled from multiple sources and updated monthly, this telesource base of names, [*sic*] can be employed for appending and confirming phone numbers and recognizing names/address associated with phone numbers."[2]

6. As Defendant never procured the affirmative consent required to list Plaintiff's and other putative class members' cellular telephone numbers in its directories, Defendant has violated Col. Rev. Stat. § 6-1-304(4)(a)(I).

7. Plaintiff brings this action to prevent Defendant from further violating the privacy rights of Colorado residents and to recover statutory damages from Defendant for failing to comply with the CPTFA § 6-1-304(4)(a)(I).

## PARTIES

8. Plaintiff Matthew Marzo resides in Denver, Colorado and has an intent to remain there, and is therefore a citizen of Colorado. At all relevant times Mr. Marzo lived in Colorado.

9. Defendant Acxiom LLC is a Delaware corporation with its corporate headquarters at 301 E. Dave Ward Dr., Conway, AR 72032-7114.

## JURISDICTION AND VENUE

10. This is a civil class action brought pursuant to Rule 23 of the Arkansas Rules of Civil Procedure.

---

[1] https://www.acxiom.com/customer-data/infobase/ (last accessed 11/19/2025).
[2] *Id.*

11. This Court has personal jurisdiction over Defendant Acxiom LLC, a Delaware LLC headquartered and principally doing business in this county.

12. Venue is proper in the Circuit Court of Faulkner County, Arkansas because Defendant resides in this county and maintains its principal office or place of business here.

## FACTUAL ALLEGATIONS

13. Defendant's business model and source of revenue depend upon its collection of thousands of data points (including cellular telephone numbers) on consumers for the purpose of selling this information to other companies to assist in their marketing efforts.

14. Defendant holds data on all but a small percentage of U.S. households, with their data being used to make 12% of the nation's direct marketing sales.[3]

15. Globally, Defendant has data which relates to approximately 2.6 billion people, including approximately 98% of the U.S. adult population.[4]

16. Defendant offers a "Consumer List" product, which is a "comprehensive, national prospect file of approximately 260 million individuals" which is "updated monthly" and "multi-sourced" from "telephone directories, and online and self-reported sources."[5]

17. Defendant states that its "Addressable Universe" contains "220 million phone numbers to maximize scope and precision."[6]

[3] https://bernardmarr.com/where-can-you-buy-big-data-here-are-the-biggest-consumer-data-brokers/ (last viewed 11/20/25).
[4] https://www.ipgmediabrands.com/wp-content/uploads/IPGMB_AcxiomAgeofPersonalization_August-12-FINAL.pdf?utm_source=chatgpt.com (last viewed 11/20/25).
[5] https://www.acxiom.com/legal/products-and-services-documentation/ (last viewed 11/20/25).
[6] *Id.*

18. Defendant's "Match Multiplier Enhancement" service "[a]pplies Acxiom's proprietary Match Multiplier Enhancement Service…to append…up to ten (10) phone numbers" to "Client-provided name and address records…"[7]

19. Defendant's "InfoBase Phone Append Confirm" service matches "Client-provided name and address records" with Acxiom's proprietary phone numbers, either matching to Defendant's clients' existing number on file or appending phone numbers Defendant's clients did not previously have.[8]

20. Thus, Defendant is actively engaged in acquiring, listing, and then selling the cellular telephone numbers of Colorado residents to numerous other companies through its directories.

21. While Defendant offers consumers a way to opt out of having their data sold, Defendant does not ever seek the affirmative consent required to list Colorado residents' cellular telephone numbers in Defendant's directories.

22. Plaintiff's cellular telephone number is in Defendant's possession and listed in at least one of its directories for the commercial purpose of being provided/sold to Defendant's customers for data tracking and/or advertising purposes.

23. As such, hundreds of thousands of Colorado residents have had their statutory rights under the CPTFA violated and have been subject to their cellular telephone numbers being made available by Defendant for commercial purposes without their consent.

---

[7] https://www.acxiom.com/legal/products-and-services-documentation/ (last viewed 11/20/25).
[8] *Id.*

## CLASS ALLEGATIONS

24. Plaintiff seeks certification of the following class: All Colorado residents who had their cellular telephone number listed by Acxiom in an Acxiom directory for commercial purposes without the affirmative consent of that resident from November 23, 2022 to the present.

25. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

26. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

27. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

28. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

29. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

a. Whether Acxiom listed Plaintiff's and the other Class members' cellular telephone numbers for commercial purposes;

b. Whether the format in which Acxiom listed Plaintiff's and the other Class members' cellular telephone numbers qualifies as a directory; and

c. Whether Acxiom violated Col. Rev. Stat. § 6-1-304(4)(a)(I).

**FIRST CAUSE OF ACTION**
**Violation of the Colorado Prevention of Telemarketing Fraud Act,**
**Col. Rev. Stat. § 6-1-304(4)(a)(I)**
**(On Behalf of Plaintiff and the Class)**

30. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set for herein.

31. The CPTFA provides that "On or after September 1, 2005, a person commits an unlawful telemarketing practice if the person knowingly: (I) Lists a cellular telephone number in a directory for a commercial purpose unless the person whose number has been listed has given affirmative consent, through written, oral, or electronic means, to such listing[.]" Col. Rev. Stat. § 6-1-304(4)(a).

32. Within the relevant time period, Plaintiff and members of the Class were residents of Colorado who possessed cellular telephone numbers.

33. Defendant listed these cellular telephone numbers for commercial purposes, including selling the profiles containing such telephone numbers of these consumers to other entities, in at least one directory.

34. Plaintiff and the other members of the Class did not provide affirmative consent to this listing of their cellular telephone numbers in Defendant's directories.

35. Plaintiff and the other members of the Class seek all relief available under Col. Rev. Stat. § 6-1-305(c), which states that "A person who engages in any unlawful telemarketing practice as defined in section 6-1-304(4) shall be liable in a private civil action to the owner of the cellular telephone for consequential damages, court costs, attorney fees, and a penalty in the amount of at least three hundred dollars and not more than five hundred dollars for a first offense and at least five hundred dollars and not more than one thousand dollars for a second or subsequent offense."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's counsel as Class Counsel;

b. For an order declaring that Defendant's conduct violates Col. Rev. Stat. § 6-1-304(4)(a);

c. For an order awarding damages, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c), of at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense;

d. For an order awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring Defendant to comply with the CPTFA;

e. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and other litigation costs pursuant to Colo. Rev. Stat. § 6-1-305(1)(c);

f. For an order awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

g. For an order awarding any such other and further relief as equity and justice may require.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: November 24, 2025

Respectfully Submitted,

/s/ Randall K. Pulliam
Randall K. Pulliam (ABN 98105)
James Allen Carney (ABN 94122)
**CARNEY BATES & PULLIAM, PLLC**
One Allied Drive, Suite 1400
Little Rock, AR 72202
Tel.: (501) 312-8500
rpulliam@cbplaw.com
acarney@cbplaw.com

Eugene Y. Turin (*pro hac vice* forthcoming)
Jordan R. Frysinger (*pro hac vice* forthcoming)
Donald S. Cuba II (*pro hac vice* forthcoming)
**MCGUIRE LAW, P.C.**
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com
dcuba@mcgpc.com